JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Charles Scott (appellant) appeals his felonious assault convictions with firearm specifications. After reviewing the facts of the case and pertinent law, we affirm.
 I {¶ 2} At approximately 4:30 a.m. on October 30, 2004, appellant and various friends and family members were involved in an altercation near his cousin Charlene Smith's (Smith) residence at 9715 Madison Avenue in Cleveland, Ohio. Herman Toney, Jr. (the victim), who is appellant's uncle by marriage and also lived in the Madison house, was shot in the back. He survived the shooting, and on February 14, 2005, a .38 caliber bullet was removed from his rib-cage area. The details of the shooting, according to the record, follow.
 {¶ 3} Appellant and the victim had an argument over the telephone sometime in the early morning hours of October 30, 2004 that ended with appellant threatening to "shoot up [the victim's] house." Subsequently, the victim went outside to find a car parked in the street — appellant was sitting in the driver's seat, Thomas Holbert (Holbert) was in the passenger's seat, and Adam Michael (Michael) was in the backseat. Four witnesses testified as to what happened next:
 {¶ 4} 1) Smith testified that appellant and the victim, who is her father, were arguing, when the victim threw a cup of tea at the car. She then saw appellant and Holbert get out of the car and each grab a gun. She turned around to run back in the house, heard gunshots fired, and turned back around to find her father on the ground, bleeding. Smith further clarified that she heard more than one shot but did not see who actually shot her father. She also said that Michael remained in the backseat of the vehicle during the incident.
 {¶ 5} 2) Patrick Greaver (Greaver), who is Smith's boyfriend, testified that he woke up at the Madison Avenue address in the early morning hours of October 30, 2004, to an argument outside between appellant and the victim. Greaver stated that after the victim threw a cup of tea at the car, appellant and Holbert exited the vehicle, appellant with a shotgun in his hand and Holbert with a pistol in his hand. Greaver testified that Holbert shot at him twice and the victim once, hitting the victim in the side. Additionally, Greaver said that appellant fired shots as well, although he was not sure in which direction, and that Michael did not get out of the car before the trio fled from the scene.
 {¶ 6} 3) Michael, who pled guilty to obstruction of justice stemming from this incident, testified that after the victim threw an object at the car, he saw Holbert and appellant get out of the vehicle. Michael saw Holbert fire more than one shot from his handgun that night, although he testified he never saw appellant with a gun during the incident.
 {¶ 7} 4) The victim testified that appellant had called him multiple times prior to this incident, threatening to "shoot up" his house. The victim said that on the night in question he approached appellant sitting in the driver's seat of the vehicle, and appellant stuck a shotgun out of the car window, but did not necessarily aim it at him. The victim stated that after he threw a cup of tea at the car, both appellant and Holbert jumped out of the vehicle with guns and started shooting. He did not see which one shot hit him because he was shot in the back.
 {¶ 8} On November 30, 2004, appellant was arrested, and on December 2, 2004, he was charged with felonious assault in the Cleveland Municipal Court. On December 22, 2004, appellant was indicted on three counts of felonious assault in violation of R.C. 2903.11 and one count of intimidation in violation of R.C. 2921.04, with firearm and repeat violent offender specifications. Over the course of the next year, appellant requested continuances of ten pretrial dates and six trial dates, which the court granted. Additionally, in February of 2005, appellant was indicted in two subsequent felony cases, unrelated to the facts of the instant case. It is undisputed that appellant has remained in jail from his arrest on November 30, 2004 through the present.
 {¶ 9} Ultimately, the instant case went to trial on January 5, 2006, and on January 9, 2006, a jury found appellant guilty of two counts of felonious assault with firearm specifications. The court sentenced appellant to five years in prison.
 II {¶ 10} In his first assignment of error, appellant argues that "the trial court erred by denying appellant's motion to dismiss based upon a violation of appellant's speedy trial rights." Specifically, appellant argues that 402 speedy trial days passed between the date of his arrest and the date he was brought to trial.
 {¶ 11} Pursuant to R.C. 2945.71(C)(2), "a person against whom a charge of felony is pending * * * [s]hall be brought to trial within two hundred seventy days after the person's arrest." Furthermore, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E). Because appellant was imprisoned during the pendency of his trial, his trial should have begun 90 days after his arrest, notwithstanding any statutorily justified extensions. R.C. 2945.72 governs extensions of time for bringing a defendant to trial, essentially listing triggers for tolling the time that is calculated against a speedy trial. R.C. 2945.72(E) is apropos to the case at hand: "The time within which an accused must be brought to trial * * * may be extended * * * by * * * [a]ny period of delay necessitated by reason of a * * * motion * * * made or instituted by the accused." In addition, speedy trial days may be tolled by "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72(H).
 {¶ 12} Appellant first requested a continuance of a pretrial on January 7, 2005, well before 90 days after his November 30, 2004 arrest. Thereafter, he requested nine additional continuances of every
subsequent pretrial scheduled through September 6, 2005. Additionally, he continued trial dates in February, July, August, October, November and December of 2005. Appellant's December 2005 request pushed the trial date to January 4, 2006. The state requested that the trial be continued for one day, and on January 5, 2006, the trial began.
 {¶ 13} We note that from November 22, 2005 to December 19, 2005, the instant case was in abeyance due to a mistrial. We find that this continuance was reasonable under R.C. 2945.72(H); thus, these 28 days do not count against appellant's right to a speedy trial.
 {¶ 14} A calculation according to the court's docket reveals that the following speedy trial days elapsed: 39 days from appellant's arrest on November 30, 2004 to his first pretrial on January 7, 2005; and one day on January 4, 2006, when the state requested a continuance. This totals 40 speedy trial days, which is short of the statutory maximum of 90 for an imprisoned defendant.
 {¶ 15} Accordingly, we find the court did not err in denying appellant's motion to dismiss based on a violation of his right to a speedy trial, and appellant's first assignment of error is overruled.
 III {¶ 16} In his second assignment of error, appellant argues that "the trial court erred in denying appellant's motion for acquittal as to the charges when the state failed to present sufficient evidence to sustain a conviction." Specifically, appellant argues that there is no evidence that appellant committed felonious assault.
 {¶ 17} When reviewing sufficiency of the evidence, an appellate court must determine "[w]hether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259. Felonious assault is when one knowingly causes serious physical harm to another, or when one causes or attempts to cause physical harm to another using a deadly weapon. R.C. 2903.11(A)(1), (2). Furthermore, appellant was convicted on an aiding and abetting theory, which is when a person, "acting with the kind of culpability required for the commission of an offense * * *" aids or abets another in committing the act. R.C. 2923.03(A)(2).
 {¶ 18} In the instant case, the victim, Smith and Greaver testified that appellant had a shotgun in his hand during the incident in question. Greaver saw and heard appellant fire the shotgun, but did not see appellant specifically shoot the victim. The victim saw appellant get out of the vehicle and shoot the gun, but did not see specifically who shot him. Furthermore, the victim testified that appellant had threatened to "shoot his house" just prior to the shooting, evidencing that appellant was knowingly involved in this situation. Smith heard multiple shots, but did not see appellant fire the shotgun. This evidence is more than sufficient to find that appellant attempted to cause physical harm to the victim using a shotgun. The fact that the bullet that entered the victim came from a .38 caliber pistol, rather than a shotgun, is irrelevant under R.C. 2903.11(A)(2), and it is irrelevant under an aiding and abetting theory. See, e.g., State v.Barnett, Cuyahoga App. No. 81101, 2003-Ohio-3938 (holding that, even though the defendant was charged as a principal, the law permitted him to be found guilty of aiding and abetting a felonious assault with a firearm). Appellant's second assignment of error is overruled.
 IV {¶ 19} In his third assignment of error, appellant argues that his "conviction is against the manifest weight of the evidence." Specifically appellant argues that there is no evidence to show or prove that he had or fired a weapon. We disagree.
 {¶ 20} The proper test for an appellate court reviewing a manifest weight of the evidence claim is as follows:
 "The appellate court sits as the `thirteenth juror' and, reviewing the entire record, weighs all the reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."
State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 21} As discussed in his second assignment of error, three witnesses testified that appellant had and fired a weapon. Appellant did not present a defense, and the only conflicting testimony was that of Michael, the backseat passenger who pled guilty to obstruction of justice, who stated that he did not see appellant with a gun. It cannot be said that the jury lost its way in convicting appellant of felonious assault, and his third assignment of error is overruled.
 V {¶ 22} In his fourth and final assignment of error, appellant argues that "the trial court erred by denying appellant's motion for a new trial." Specifically, appellant argues that at the sentencing hearing, co-defendant Holbert told the court that he was the one who shot the victim and that appellant did not knowingly participate in the events. Appellant argues that this amounts to newly discovered evidence under Crim.R. 33(A)(6), thus entitling appellant to a new trial.
 {¶ 23} Crim.R. 33(A) states as follows: "A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights: (6) When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial." The standard of review for the granting or denial of a motion for mistrial is abuse of discretion. State v. Treesh, 90 Ohio St.3d 460, 2001-Ohio-4.
 {¶ 24} In denying appellant's motion for a new trial, the court made two important findings. First, that Holbert's statement at the sentencing hearing did not constitute "newly discovered evidence" because Holbert's willingness to take the blame for appellant could have been known to appellant at any time, as they were friends both before and during the proceedings. Second, that Holbert's statement contradicts the testimony and evidence presented at trial, which was "overwhelming that defendant Scott was aware of what was happening, that he was a participant in the incident, and most importantly that he was not an innocent bystander." Given this, the court did not abuse its discretion when it denied appellant's motion for a new trial, and his final assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., and CHRISTINE T. MCMONAGLE, J., CONCUR.