JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Curtis Smith, Jr. (appellant) appeals the trial court's denial of his motion for leave to file a motion for a new trial. After reviewing the facts of the case and pertinent law, we affirm.
 I {¶ 2} On July 1, 2005, appellant was sentenced to 18 years to life in prison after being found guilty of murder with a firearm specification and having a weapon while under disability. The convictions were based on the January 15, 2005 fatal shooting of 16-year-old Lennard Pinson at the Lonnie Burton Recreation Center in Cleveland. On June 22, 2006, we affirmed appellant's convictions. State v. Smith, Cuyahoga App. No. 86690, 2006-Ohio-3156.
 {¶ 3} On March 28, 2006, appellant filed a motion for leave to file a motion for a new trial based on newly discovered evidence, namely, "an affidavit from another individual stating that he was in fact the person who had fired the fatal shot." On February 7, 2007, the trial court denied appellant's request.
 II {¶ 4} In his sole assignment of error, appellant argues that "the trial court abused its discretion in denying appellant's motion for leave to file a motion for new trial."
 {¶ 5} Pursuant to Crim.R. 33(A)(6), a new trial may be granted "[w]hen new evidence material to the defense is discovered, which the defendant could not with *Page 4 
reasonable diligence have discovered and produced at the trial." Additionally, Crim.R. 33(B) states that:
 "[m]otions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered * * *. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period."
 {¶ 6} In addition, in State v. Petro (1947), 148 Ohio St. 505, the Ohio Supreme Court put forth a six-part test to be used in reviewing a motion for a new trial based on newly discovered evidence. The defendant must show that the new evidence 1) discloses a strong possibility that it will change the result if a new trial is granted, 2) has been discovered since the trial, 3) is such as could not in the exercise of due diligence have been discovered before the trial, 4) is material to the issues, 5) is not merely cumulative to former evidence, and 6) does not merely impeach or contradict the former evidence.
 {¶ 7} The standard of review for the granting or denial of a motion for a new trial is abuse of discretion. State v. Schiebel (1990), 55 Ohio St.3d 71.
 {¶ 8} In the instant case, Washington's January 29, 2006 affidavit states, in pertinent part, as follows (grammatical edits added):
 "On January 15th 2005, I, Jimmy Washington, was standing next to Curtis Smith, [who had] a gun in his possession, but never exposed or discharged it. Curtis Smith was not standing near [the victim] that *Page 5 
evening. I, Jimmy Washington, know for a fact [appellant] did not commit the crime in this case. It was I, Jimmy Washington, who discharged the weapon, fired the gun, a 9mm handgun which I am in belief possibly went into the crowd of people [of which] I was trying to shoot over, unintentionally striking the victim in the head. I, Jimmy Washington, [am] willing to testify on behalf of defendant Curtis Smith for his exoneration of the charges convicted upon. I, Jimmy Washington, know Curtis Smith very well, I am writing this for the above said reasons and I do not want to see an innocent friend with so much potential in prison for something he didn't do."
 {¶ 9} In the February 7, 2007 order and decision denying appellant's motion, the trial court stated as follows:
 "[T]he existence of the claim that Jimmy Washington was the killer of Lennard Pinson was evaluated at trial. Serena Wanzo, one of the witnesses, not only testified as to what she observed at the shooting outside the Lonnie Burton Recreation Center resulting in Pinson's death, but also testified that two days after the shooting, Jimmy Washington told her he shot Pinson. As the State of Ohio points out, because Washington's affidavit merely contradicts [evidence] (which was presented to the jury and argued at trial), defendant has not produced evidence sufficient to warrant a new trial. It is undisputed that Jimmy Washington was known to the defense before trial and thus [Washington's affidavit] cannot constitute `newly discovered evidence' that satisfies Criminal Rule 33(B)."
 {¶ 10} We find that the trial court's decision denying appellant's motion for a new trial was not an abuse of discretion. Specifically, we find that appellant's motion was not timely filed under Crim.R. 33(B), as he did not show that he was "unavoidably prevented" from discovering the evidence in question. See, also, the third prong of thePetro test, supra. *Page 6 
 {¶ 11} Appellant argues that "[t]he first hand signed and sworn affidavit that [Washington] fired the fatal .9 mm bullet is indeed new evidence that was not available to the defense at the time of trial. Washington made himself unavailable by fleeing to Akron, returning to Cleveland only after he heard appellant was in custody. * * * It is only after appellant's conviction that [Washington's] conscience compelled him to step forward and produce this affidavit. This new evidence simply did not exist at the time of trial." Appellant cites State v.Walden (1984), 19 Ohio App.3d 141, to support his argument that the court abused its discretion: The Walden court found, "[a] party is unavoidably prevented from filing a motion for new trial if the party had no knowledge of the existence of the ground supporting the motion for new trial and could not have learned of the existence of that ground within the time prescribed for filing the motion for new trial in the exercise of reasonable diligence."
 {¶ 12} Appellant also argues that someone named Ronnie Moore told defense counsel that Washington had a .38 caliber firearm and not a .9 mm firearm on the night in question. Furthermore, appellant argues that Washington was "unavailable" because he fled to Akron; therefore, Washington's confession to the crime and the information about a .9 mm handgun was "new," as contemplated by Crim.R. 33. We disagree. Nothing prevented appellant from discovering what kind of gun Washington claimed to have or whether he would confess to the crime, even taking *Page 7 
into consideration that Washington was in Akron, a city approximately 50 miles from Cleveland.
 {¶ 13} We find the instant case analogous to State v. Scott, Cuyahoga App. No. 87942, 2007-Ohio-528. In Scott, a codefendant came forth during the sentencing hearing claiming to be the one who shot the victim. In affirming the trial court's denial of Scott's motion for a new trial based upon newly discovered evidence, we held the following:
 "In denying appellant's motion for a new trial, the court made two important findings. First, that [codefendant's] statement at the sentencing hearing did not constitute `newly discovered evidence' because [codefendant's] willingness to take the blame for appellant could have been known to appellant at any time, as they were friends both before and during the proceedings. Second, that [co-defendant's] statement contradicts the testimony and evidence presented at trial, which was `overwhelming that defendant Scott was aware of what was happening, that he was a participant in the incident, and most importantly that he was not an innocent bystander."
 {¶ 14} In the instant case, appellant and Washington were friends, as stated by Washington in his affidavit. Additionally, a witness testified at trial that Washington told her he was the shooter. Accordingly, appellant's argument that this evidence was not available to the defense at the time of trial is not well taken. Appellant's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant the costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 8 
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, P.J., and SEAN C. GALLAGHER, J., CONCUR. *Page 1