DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Jermaine Baker, appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On January 12, 2007, Toni Watkins ("Watkins") and Larry Dampier ("Dampier") were at their home on Morgan Ave., in Akron, Ohio with their granddaughter, Ashley Marsh ("Marsh"), Marsh's cousin, Walter Reed ("Reed"), and another family member, Kenny Sharpe ("Sharpe"). Some time after 6:00 p.m., there was a knock at the door and three men barged into the home. Each of the men had a gun. The men started firing their guns shortly after they entered the *Page 2 
home. The men were later identified as Appellant, Jermaine Baker ("Baker"), Edrick Mayfield ("Mayfield") and Anthony Meddley ("Meddley"). During the gunfire, Marsh and Dampier were shot. Reed managed to run upstairs, escape through a window and call the police.
 {¶ 3} The intruders told the victims that they wanted money. Meddley and Mayfield searched the home while Baker held Marsh, Dampier, Sharpe and Watkins at gun point. Baker ordered Sharpe to put tape over Marsh and Watkins' mouths. Dampier's arms were taped together. Watkins' feet were also taped together. The intruders took all four victims' cell phones. The men forced Sharpe into the basement. At some point, the police arrived. After the men obtained several thousand dollars from a safe upstairs, they came downstairs, took money from Dampier's jacket pocket and rings off his fingers. Shortly thereafter, one of the intruders alerted the others that the police were outside. Meddley and Mayfield fled through the back door while Baker remained in the house. After Meddley and Mayfield left, Watkins cut off the duct tape from her feet with a knife she had in her pocket. Watkins, Marsh, Dampier and Sharpe escaped out the front door. The officers first used a megaphone to lure Baker out of the house. They eventually contacted him through his cell phone. After approximately an hour, Baker surrendered. The police ultimately arrested all three intruders. Marsh and Dampier received medical treatment for their wounds. Neither suffered permanent injury. *Page 3 
 {¶ 4} On January 17, 2007, Baker was indicted on several counts including kidnapping, felonious assault, aggravated burglary, aggravated robbery, robbery, having a weapon while under disability and attempted murder. The attempted murder counts were dismissed prior to trial. In addition, Baker was also charged with body armor and firearm specifications. Baker's case proceeded to trial before a jury. On April 27, 2007, the jury convicted Baker on four counts of kidnapping, one count of aggravated burglary, four counts of aggravated robbery, two counts of felonious assault, one count of robbery and one count of having a weapon while under disability. The jury also found Baker guilty of having a firearm and wearing body armor on four of these counts. On April 30, 2007, the trial court sentenced Baker to 32 years of incarceration. Baker timely filed a notice of appeal, raising three assignments of error for our review.
 II. ASSIGNMENT OF ERROR I "[BAKER] SUFFERED FROM PLAIN ERROR AND INEFFECTIVE ASSISTANCE OF COUNSEL BY DEFENSE COUNSEL'S FAILURE TO STIPULATE TO THE PRIOR CONVICTION AS REQUIRED BY OLD CHIEF V. UNITED STATES."
 {¶ 5} In his first assignment of error, Baker contends that his trial counsel's failure to stipulate to his prior conviction constituted ineffective assistance of counsel and plain error. We disagree. *Page 4 
 {¶ 6} A claim of ineffective assistance of counsel requires Baker to satisfy a two prong test. First, he must prove that trial counsel's performance was deficient. Strickland v. Washington (1984),466 U.S. 668, 687. That is, Baker "must show that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed Appellant by the Sixth Amendment." State v. Srock, 9th Dist. No. 22812,2006-Ohio-251, at ¶ 20, citing Strickland, 466 U.S. at 687. Second, Baker must "demonstrate that he was prejudiced by his trial counsel's deficient performance." Srock, supra, at ¶ 21. Prejudice entails "a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989),42 Ohio St.3d 136, paragraph three of the syllabus. Further, this Court need not analyze both prongs of the Strickland test if we find that Baker failed to prove either. State v. Ray, 9th Dist. No. 22459,2005-Ohio-4941, at ¶ 10. Finally, Baker must overcome the strong presumption that licensed attorneys in Ohio are competent. State v.Smith (1985), 17 Ohio St.3d 98, 100.
 {¶ 7} Pursuant to Crim.R. 52(B), a plain error or defect that affects a substantial right may be noticed although it was not brought to the attention of the trial court. "A plain error must be obvious on the record, such that it should have been apparent to the trial court without objection." State v. Kobelka (Nov. 7, 2001), 9th Dist. No. 01CA007808, at *2, citing State v. Tichon (1995), 102 Ohio App.3d 758,767. As notice of plain error is to be taken with utmost caution and *Page 5 
only to prevent a manifest miscarriage of justice, the decision of a trial court will not be reversed due to plain error unless the defendant has established that the outcome of the trial clearly would have been different but for the alleged error. Kobelka, supra, at *2, citingState v. Waddell (1996), 75 Ohio St.3d 163, 166, and State v.Phillips (1995), 74 Ohio St.3d 72, 83.
 {¶ 8} Baker challenges his trial counsel's failure to stipulate to his prior felony convictions and to, instead, permit the State to publish two copies of his prior felony convictions. One of the copies showed Baker's prior conviction for robbery while the other showed his prior convictions for tampering with evidence and possession of cocaine. However, the trial transcript reflects that Baker's trial counsel stipulated to Baker's prior conviction. We cannot ascertain from the record whether Baker's counsel stipulated to all three convictions or just one conviction. The record reflects that before trial commenced, the State informed the court that Baker's counsel stipulated to Baker's "prior convictions." (Emphasis added.) Baker's counsel then stated on the record "[a]s to the prior conviction, we do stipulate to the fact it is the Jermaine Baker and for purposes of the enhancement charge." (Emphasis added.)
 {¶ 9} Baker's counsel again acknowledged this stipulation during trial, outside the presence of the jury:
 "Judge, for the record, there's concern based on the prior crime of violence specification. We had discussed earlier that the finding now has to be made by a jury as opposed to the judge under case law. There's also an indication it's [sic] been developed around here *Page 6 
that the jury makes two separate findings. First guilty without consideration of the prior crime of violence spec, they then determine that later.
 "The problem, and I think the reason that doesn't sound so the jury doesn't here [sic] about the prior conviction. However, in this case given the prior conviction has been stipulated to and it is an element of the weapons under disability charge and the jury's already heard it, I would waive any appeal argument as far as allowing them to have that instruction on the repeat violent offender along with the other specifications instructions."
Although Baker's counsel did not specifically identify the conviction to which he was referring in the above colloquy, we can deduce that he was referencing Baker's prior conviction for robbery, in violation of R.C.2911.01, which constitutes a crime of violence. R.C. 2901.01(A)(9).
 {¶ 10} The record also reflects that at the close of the State's case, the State moved to admit certified copies of Baker's prior convictions. With regard to these exhibits, the court stated:
 "Ladies and gentlemen, what they're [the State] handing me are * * * [a] certified copy of the conviction from 2001 indicating that Jermaine Baker has previously been convicted of the crime of robbery. And case stated from 2005 indicating that Mr. Baker has been found guilty or pled guilty to the charge of tampering with evidence and possession of cocaine, which is from my Court. The prosecution is resting its case."
Baker raised no objection to the admission of these exhibits.
 {¶ 11} In support of his argument, Baker has relied upon Old Chief v.United States (1997), 519 U.S. 172. This Court has previously discussed the *Page 7 
impact of Old Chief on the State's ability to refuse to accept a stipulation, holding as follows:
 "[The defendant's] reliance on Old Chief is misplaced for three reasons. First, Old Chief construed a federal statute and, therefore, is not binding upon this Court's interpretation of an Ohio statute. Second, unlike Kole, the defendant in Old Chief timely objected to the prosecution's introduction of his prior conviction into evidence. Third, the federal statute construed in Old Chief is facially dissimilar to the Ohio statute in the case at bar. In Old Chief the charge was assault with a dangerous weapon in violation of 18 U.S.C. 922(g)(1) which makes it unlawful for any person `who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year [to] possess * * * any firearm.' In the instant case, an essential element of the indicted offense of having a weapon while under disability is whether the individual possessing the weapon was previously convicted of a felony offense of violence. Unlike the federal statute in Old Chief evidence concerning the name or nature of [the defendant's] prior conviction was necessary in order for the jury to find [him] guilty of the charged offense. In order to prove the offense of having a weapon while under a disability the state was required to prove the prior conviction beyond a reasonable doubt." (Internal citations omitted.) State v. Kole (June 28, 2000), 9th Dist. No. 98CA007116, at *4, overruled on other grounds by State v. Kole
(2001), 92 Ohio St.3d 303.
 {¶ 12} Baker was charged with having a weapon while under disability, pursuant to R.C. 2923.13(A)(2)/(A)(3). Accordingly, the State had to prove beyond a reasonable doubt that Baker was under a disability. Under Ohio law, "[n]either the state nor the trial court is required to accept a defendant's stipulation as to the existence of the conviction."State v. Smith (1990), 68 Ohio App.3d 692, 695. See State v.Twyford (2002), 94 Ohio St.3d 340, 359. Under R.C. 2923.13(A)(2)/(A)(3), a disability is defined as a prior conviction for a felony of violence or a conviction "of any offense involving the illegal possession, use, sale, *Page 8 
administration, distribution, or trafficking in any drug of abuse[.]" Robbery constitutes a felony of violence. R.C. 2901.01(A)(9). Possession of cocaine constitutes a disability under R.C. 2923.13(A)(3). Consequently, Baker's prior convictions for robbery and possession of cocaine were admissible to prove an element of that offense.
 {¶ 13} It appears from the record that Baker's counsel stipulated to at least one if not all of his prior convictions. However, even if Baker's counsel did not stipulate to all three prior convictions, and the exhibits were given to the jury, Baker has failed to demonstrate error. Neither the State nor the trial court is required to accept a defendant's stipulation to a prior conviction. Smith,68 Ohio App.3d at 695. The decision of counsel as to whether to stipulate to a prior conviction is a tactical one. Counsel's strategic decisions and trial tactics, even if debatable, normally do not constitute grounds for an ineffectiveness claim, eliminating the "distorting effect of hindsight."State v. Post (1987), 32 Ohio St.3d 380, 388.
 {¶ 14} Further, Baker has failed to demonstrate that the admission of these convictions affected a substantial right, nor has he established that the outcome of the trial clearly would have been different but for the admission of these exhibits. Kobelka, supra, at *2, citingWaddell, 75 Ohio St.3d at 166, and Phillips, 74 Ohio St.3d at 83. This Court has previously held that the admission of "two previous convictions of violence to prove four counts of having a weapon under disability *Page 9 
was not unduly prejudicial." State v. Caldwell (Dec. 4, 1991), 9th Dist. No. 14720, at *6. Consequently, we find that, even if these exhibits were given to the jury, Baker has not been unduly prejudiced.
 {¶ 15} Accordingly, Baker's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "THE SECOND CONVICTION FOR FELONIOUS ASSAULT IS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE BECAUSE THE TESTIMONY AND EXHIBITS SHOW THAT THE TWO VICTIMS WERE SHOT BY TWO DIFFERENT ASSAILANTS."
 {¶ 16} In his second assignment of error, Baker asserts that his second conviction for felonious assault was not supported by sufficient evidence and was against the weight of the evidence because the testimony and exhibits show that the two victims were shot by two different assailants. We disagree.
 {¶ 17} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt. State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. *Page 10 
 {¶ 18} "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1, citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). Further,
 "[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *2.
Therefore, we will address Baker's claim that his conviction was against the manifest weight of the evidence first, as it is dispositive of his claim of insufficiency.
 {¶ 19} When a defendant asserts that his conviction is against the manifest weight of the evidence,
 "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id. *Page 11 
 {¶ 20} Baker was convicted of two counts of felonious assault, in violation of R.C. 2903.11(A)(1)(A)(2), felonies of the second degree. Pursuant to R.C. 2903.11,
 "(A) No person shall knowingly do either of the following:
 "(1) Cause serious physical harm to another or to another's unborn;
 "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."
 {¶ 21} On appeal, Baker contends that he should have been convicted of only one count of felonious assault. He contends that the testimony and exhibits show that the two victims were shot by two different assailants. Baker concedes that he shot one of the victims. He asserts that "[t]he State did not meet its burden of production to show that [he] shot both victims." (Emphasis added.)
 {¶ 22} The Ohio Supreme Court has held that "a defendant charged with an offense may be convicted of that offense upon proof that he was complicit in its commission, even though the indictment is stated in terms of the principal offense and does not mention complicity." (Quotations and alterations omitted.) State v. Herring (2002),94 Ohio St.3d 246, 251. R.C. 2923.03(F) puts defendants on notice that the jury may be instructed on complicity, even when the charge is stated in terms of the principal offense. Id. Specifically, R.C. 2923.03(F) provides that "[a] charge of complicity may be stated in terms of this section, or in terms of the principal offense." *Page 12 
 {¶ 23} The journal entry in this case does not mention that Baker was convicted of aiding and abetting. However, in a similar case wherein a trial court failed to reference complicity in its journal entry, this Court held that:
 "It was not necessary that the court mention aiding and abetting in its entry. One who is guilty of complicity shall be prosecuted and punished as a principal offender. The state may charge and try an aider and abetter as a principal and if the evidence at trial indicates aiding and abetting rather than the principal offense, a jury instruction regarding complicity may be given." (Internal citations omitted.) In re Bickley (June 23, 1993), 9th Dist. No. 15974, at *1.
 {¶ 24} The record reflects that the jury was instructed on aiding and abetting. The following is a portion of the instruction given:
 "Complicity. In considering the crimes charged in the indictment, there is an additional proposition that you need to understand and consider: The concept of complicity as an aider or abettor.
 "Aided or abetted means conspire, supported, assisted, encouraged, cooperated with, advised or incited.
 "A person who knowingly aids, abets or conspires with, directs or associates himself with another either for the purpose of committing or in the commission of a crime is regarded as if he were the principal offender and is just as guilty as if he personally performed every act constituting the offenses or specifications.
 "When two or more persons have a common purpose to commit a crime and one does one part and the second performs another, those acting together are equally guilty of the crime."
 {¶ 25} The testimony at trial reflects that the three men armed themselves with firearms and went to Dampier's home to steal marijuana. The men barged into the home. Marsh and Dampier were shot. Marsh testified that Baker was "the ruler or whatever" and was "telling [Meddley and Mayfield] what to do." *Page 13 
Marsh further testified that "Baker was in charge of everything." Watkins also testified that Baker seemed to be in charge of the home invasion. Meddley similarly testified that Baker was the leader of the home invasion.
 {¶ 26} Even if Baker did not shoot both victims, there was ample evidence that Baker supported, assisted, encouraged, cooperated with, advised or incited with the other shooter. See State v. Scott, 8th Dist. No. 87942, 2007-Ohio-528, at ¶ 18 (explaining that the fact that the bullet that entered the victim came from a .38 caliber pistol, rather than the shotgun that the appellant allegedly carried during the incident, was irrelevant under an aiding and abetting theory); State v.Barnett, 8th Dist. No. 81101, 2003-Ohio-3938, at ¶ 10 (holding that, even though the defendant was charged as a principal, the law permitted him to be found guilty of aiding and abetting a felonious assault with a firearm). We find, therefore, that the jury's verdict convicting Baker on two counts of felonious assault was not against the weight of the evidence.
 {¶ 27} As this Court has disposed of Baker's challenge to the weight of the evidence, we similarly dispose of his challenge to its sufficiency. Roberts, supra, at *2. Necessarily included in this court's determination that the jury verdict was not against the manifest weight of the evidence, is a determination that the evidence was also sufficient to support the conviction. Id.
 {¶ 28} Baker's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III *Page 14 "THE SENTENCE IS VOID AS A MATTER OF LAW BECAUSE THE SPECIFICATION PENALTIES WERE MULTIPLIED INSTEAD OF MERGED."
 {¶ 29} In his third assignment of error, Baker argues that his sentence is void as a matter of law because the specification penalties were multiplied instead of merged. We find no merit in this contention.
 {¶ 30} At the outset, we note that Baker raised no objection to his sentence in the trial court. This Court has held that to preserve an alleged error for appeal, a party must timely object and state the specific grounds for the objection. State v. Dudukovich, 9th Dist. No. 05CA008729, 2006-Ohio-1309, at ¶ 24; State v. Duffleld, 9th Dist. No. 22634, 2006-Ohio-1823, at ¶ 74. Typically, if a party forfeits an objection in the trial court, reviewing courts may notice only "[p]lain errors or defects affecting substantial rights." Crim.R. 52(B). Within this assignment of error, Baker has asserted that the trial court's imposition of a greater sentence than permitted by Ohio law is plain error.
 {¶ 31} The only specific argument Baker makes with regard to his sentence concerns the court's order regarding Counts 11, 12, 13, and 14. However, the record reflects that the trial court ordered that Baker serve the sentence regarding Counts 11, 12, 13 and 14 concurrently with the remaining sentence imposed. Counts 11, 12, 13 and 14 were aggravated robbery charges for each of the four victims. "This Court has held that `plain error does not exist when concurrent sentences are imposed for crimes that constitute allied offenses of similar *Page 15 
import.'" State v. Wharton, 9th Dist. No. 23300, 2007-Ohio-1817, at ¶ 7, quoting State v. Iacona (Mar. 15, 2000), 9th Dist. No. CA2891-M, at *22. Accordingly, Baker has failed to demonstrate prejudice. Even if the trial court erred in multiplying the specifications attached to Counts 11, 12, 13 and 14 instead of merging these specifications, his sentence would remain the same as the sentence was run concurrently, not consecutively, with the rest of the sentence.
 {¶ 32} Baker's third assignment of error is overruled.
 III. {¶ 33} Baker's assignments of error are overruled, and the judgment of the Summit County Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). *Page 16 
The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
SLABY, J., CONCURS
CARR, P. J.
CONCURS IN PART, AND DISSENTS IN PART, SAYING:
 {¶ 34} I concur in the majority's decision regarding the first and second assignments of error.
 {¶ 35} I dissent, however, in regard to the third assignment of error. The majority finds no error only because Baker has failed to demonstrate that he was prejudiced by the imposition of concurrent sentences regarding the specifications attached to counts 11 through 14. However, "regardless of whether the sentences are made to run concurrently, a defendant has a substantial stake in each and every one of his convictions." State v. Martin (Feb. 9, 1999), 9th Dist. No. 18715 (Carr, J., dissenting in part and concurring in part). The Ohio Supreme Court stated that "[g]iven the numerous adverse collateral consequences imposed upon convicted felons, it is clear to us that a person convicted of a felony has a substantial stake in the judgment of conviction[.]"State v. Golston (1994), 71 Ohio St.3d 224, 227. *Page 1