[Cite as *State v. Creech*, 2014-Ohio-4004.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.    13 JE 41 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| STEDMUND CREECH, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |


CHARACTER OF PROCEEDINGS:          Criminal Appeal from Common Pleas
                                   Court, Case No. 12CR117.


JUDGMENT:                          Reversed and Remanded.


APPEARANCES:
For Plaintiff-Appellee:            Attorney Jane Hanlin
                                   Prosecuting Attorney
                                   16001 State Route 7
                                   Steubenville, Ohio  43952


For Defendant-Appellant:           Attorney Timothy Young
                                   Ohio Public Defender
                                   Attorney Stephen Hardwick
                                   Assistant Ohio Public Defender
                                   250 East Broad Street, Suite 1400
                                   Columbus, Ohio  43215


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite


Dated:  September 9, 2014VUKOVICH, J.

{¶1} Defendant-appellant Stedmund Creech appeals his conviction and sentence from the Jefferson County Common Pleas Court for three counts of having weapons while under disability in violation of R.C. 2923.13. Two issues are raised in this appeal. The first is whether the trial court erred when it denied his motion to stipulate that he is under disability for the purposes of the having weapons while under disability charges. The second issue is whether the trial court erred when it failed to provide a specific curative instruction after Creech was led past the prospective jury in handcuffs and shackles.

{¶2} For the reasons expressed in depth below, we hold that the trial court erred in failing to accept the stipulation. Thus, the conviction and sentence are hereby reversed and the matter is remanded for a new trial.

## Statement of the Case

{¶3} On the afternoon of July 2, 2012, Antonio Johnson, driving a white car, followed a car being driven by Trystn Hampton. De'Lesha Thorn was sitting in the front passenger seat of Hampton's vehicle and Creech, Rolland "Buster" Owens and another man that goes by the name "J" were in the backseat. Hampton stopped the car on Orchard Street, a residential street, to let the three men out of the car. At that point, Johnson exited his car and shot 17 rounds from an AK-47 at Creech, J and/or Owens. Creech, J and/or Owens allegedly returned fire. Bullets penetrated two different houses and the car that was driven by Johnson, however, no one was harmed during this midday shooting.[1]

{¶4} As a result of that shooting, Creech, who was a convicted felon, was indicted on two counts of having weapons while under disability in violation of R.C. 2923.13(A)(3), third-degree felonies; one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), a third-degree felony; one count of

---

[1] Johnson was indicted and convicted of attempted murder, felonious assault, having weapons while under disability, improper handling of a firearm in a motor vehicle and attendant firearm, criminal gang and discharging a firearm from a vehicle specifications. We affirmed all of those convictions except the discharging a firearm from a vehicle specification. *State v. Johnson*, 7th Dist. No. 13JE5, 2014-Ohio-1226.

improper handling a firearm in a vehicle in violation of R.C. 2923.16(B), a fourth-degree felony; and one count of carrying a concealed weapon in violation of R.C. 2923.12(A)(2), (F)(1), a fourth-degree felony.

{¶5} Following discovery, the case proceeded to trial. The state produced testimony from officers and BCI investigators that established that 17 AK-47 casings were found at the scene and one .38 caliber bullet was removed from the backseat/trunk area of Johnson's car. Tr. 105, 108, 175. One eyewitness, Stephanie Luke, testified that Creech, Owens and J each had a gun during the shoot-out. Tr. 152. She stated that Creech and J were walking toward where the gunfire came from. Tr. 151. However, she stated that she could not see if Creech, J, or Owens fired their weapons. Tr. 154.

{¶6} After the state's case-in-chief, Creech moved for a Crim.R. 29 judgment of acquittal. The trial court granted the motion on the improper handling of a firearm in a vehicle and the carrying a concealed weapon charges, but denied the motion on the having weapons while under disability charges. Tr. 186, 188.

{¶7} The defense then presented its case. Rolland "Buster" Owens testified on Creech's behalf. He indicated that while he had a gun that day, Creech did not. Tr. 197. He claimed that Creech got back in the car and drove away with Hampton. Tr. 195.

{¶8} Despite the conflicting testimony, the jury found Creech guilty of all weapons while under disability charges. The trial court found that the offenses were allied offenses of similar import and merged them. Thus, Creech received one 30-month sentence for the conviction.

{¶9} Creech timely appeals from that conviction and sentence.

<u>First Assignment of Error</u>

{¶10} "The trial court erred when it did not require the State to stipulate to Mr. Creech's indictment and prior convictions."

{¶11} Immediately prior to trial, Creech orally moved to stipulate to the disability in any one of the three having weapons while under disability counts. Tr. 5. Creech agreed to such stipulation because there was only one weapon and one event,

and therefore the weapons under disability charges would merge and he could only be sentenced on one of the charges. Thus, this action was taken to prevent the state from presenting evidence of both previous convictions that rendered him disabled and the indictment for the yet to be tried felony that also prohibited him from possessing a firearm. These previous two convictions and the untried indicted offense would not be admissible for any other reason than to show his status as disabled. No case law was cited in support of his position that the state should accept his invitation of stipulation.

{¶12} The state opposed his motion. It argued that the state should be allowed to present its evidence regarding all of the forms of disability and then, after any guilty verdicts, it would elect which having weapons while under disability charge it was pursuing for sentencing. It further added that the instruction at the end of the case advised the jury to only consider the fact of his previous conviction or the fact that he was under indictment for the purposes of determining whether the status element of the having weapons while under disability was proven, and that the previous conviction/indictment should not be used for any other purpose. Tr. 7.

{¶13} The trial court denied Creech's motion and stated that the state is not required to elect at the start of the trial and it is not required to accept the stipulation. Tr. 8.

{¶14} On appeal, Creech asserts that the trial court erred when it failed to accept the stipulations.

{¶15} In 1997, the United States Supreme Court was asked to decide whether a district court abuses its discretion if it "spurns an offer to stipulate to a prior conviction" that holds the penalty that the offender cannot possess a firearm and instead allow the admittance of "the full record of a prior judgment, when the name or nature of the prior offense raises the risk of verdict tainted by improper considerations, and when the purpose of the evidence is solely to prove the element of prior conviction." *Old Chief v. U.S.*, 519 U.S. 172, 117 S.Ct. 644 (1997).

{¶16} In *Old Chief*, the defendant was charged with possession of a firearm while under disability in violation of 18 U.S.C. 922(g)(1), and assault with a dangerous weapon. The federal statute, 18 U.S.C. 922(g)(1) prohibits the possession of a firearm

by anyone "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." Because Old Chief had previously been convicted of assault with serious bodily injury he offered to stipulate that he had been "convicted of crime punishable by imprisonment for a term exceeding one year" and proposed a jury instruction to the same effect. The district court rejected that stipulation and allowed the government to introduce the judgment entry of his prior conviction for assault. The Ninth Circuit Court of Appeals affirmed that conviction.

{¶17} The High Court, however, disagreed and reversed. In a 5-4 decision, the Court found that the judgment entry that revealed the name and character of Old Chief's prior offense should have been excluded under Federal Rule of Evidence 403. The Court found that there was "no cognizable difference between the evidentiary significance of the admission and of the legitimately probative component of the official record the prosecution would prefer to place in evidence." *Id.* at 191. However, for purposes of Rule 403 weighing of the probative against the prejudicial, the prejudicial effect of admitting the judgment entry outweighed the probative value. This was because the risk inherent in the admission of the judgment entry "will lure the jury into a sequence of bad character reasoning." *Id.* at 185. The stipulation, however, does not have this risk. Thus, the Court stated, "[i]n this case, as in any other in which the prior conviction is for an offense likely to support conviction on some improper ground, the only reasonable conclusion was that the risk of unfair prejudice did substantially outweigh the discounted probative value of the record of conviction, and it was an abuse of discretion to admit the record when an admission was available." *Id.* at 191.

{¶18} In reaching this conclusion, the Court acknowledged that it was creating an exception to the general rule. The general rule is that the prosecution is entitled to prove its case by evidence of its own choice; a criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the government chooses to present it. *Id.* at 186-187. The reason for this general rule "is to permit the party 'to present to the jury a picture of the events relied upon. To substitute for such a picture a naked admission might have the effect to rob the evidence of much of its fair and legitimate weight.'" *Id.* at 187. "Unlike an abstract premise, whose force depends on

going precisely to a particular step in a course of reasoning, a piece of evidence may address any number of separate elements, striking hard just because it shows so much at once; the account of a shooting that establishes capacity and causation may tell just as much about the triggerman's motive and intent." *Id.* However, the general rule, which is a "recognition that the prosecution with its burden of persuasion needs evidentiary depth to tell a continuous story" has "virtually no application when the point at issue is a defendant's legal status, dependent on some judgment rendered wholly independently of the concrete events of later criminal behavior charged against him." *Id.* at 190.

{¶19} Numerous Ohio Appellate Districts have been asked to apply the *Old Chief* reasoning to Ohio statutes. The majority of the districts have declined to do so. *State v. Robinson III*, 6th Dist. No. L-10-1369, 2012-Ohio-6068, ¶ 41-50 (having weapons while under disability - R.C. 2923.13); *State v. Jones*, 12th Dist. No. CA2011-05-044, 2012-Ohio-1480, ¶ 10-20 (domestic violence); *State v. Reid*, 2d Dist. No. 23409, 2010-Ohio-1686, ¶ 12 (having weapons while under disability - R.C. 2923.13); *State v. Peasley*, 9th Dist. No. 25062, 2010-Ohio-4333, ¶ 11-12 (having weapons while under disability – R.C. 2923.13); *State v. Johnson*, 8th Dist. No. 2009-Ohio-4367, ¶ 22-23 (having weapons while under disability - R.C. 2923.13); *State v. Baker*, 9th Dist. No. 23840, 2008-Ohio-1909 (having weapons while under disability - R.C. 2923.13); *State v. Chandler*, 5th Dist. No. 98CA15, 1999 WL 770229 (DUI).

{¶20} In declining to follow the *Old Chief* reasoning, these courts first acknowledge that *Old Chief* is not grounded in any constitutional principle. Rather, the decision is based on the language in 18 U.S.C. 922(g)(1) and on Federal Rule of Evidence 403. This means *Old Chief* is not binding on the state courts. Rather, it is persuasive authority.

{¶21} These appellate districts then explain that *Old Chief* is distinguishable because of the differences between the Ohio statute and the Federal statute. The Ohio statute for having weapons while under disability, R.C. 2923.13, unlike the federal counterpart, 18 U.S.C. 922(g)(1) is not a broad encompassing statute. As aforementioned the federal statute prohibits the possession of a firearm by anyone

"who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. 922(g)(1). This is a very broad statute; "a defendant falls within the category simply by virtue of past conviction for any [qualifying] crime ranging from possession of short lobsters, see 16 U.S.C. § 3372, to the most aggravated murder." *Old Chief*, 519 U.S. at 190. Conversely, the Ohio statute only prohibits two classes of felons from possessing a firearm – persons under indictment for or convicted of any felony offense of violence and persons under indictment for or convicted of any felony offense involving the illegal possession, use, sale, administration, distribution or trafficking in any drug of abuse. R.C. 2923.13(A)(2), (3). According to the Sixth Appellate District "the language and structure of R.C. 2923.13(A), manifests a legislative concern with the specific name and nature of the prior offense. * * * Thus, in direct contrast to the prior-conviction language in 18 U.S.C. 922(g)(1), the language of R.C. 2923.13(A)(3) reflects that the General Assembly envisioned jurors learning the name and basic nature of the defendant's prior offense." *Robinson III*, 2012-Ohio-6068, ¶ 49-50.

{¶22} That said, the Eleventh Appellate District has applied the *Old Chief* exception. *State v. Hatfield*, 11th Dist. No. 2006-A-0033, 2007-Ohio-7130, ¶ 141-148 (DUI). *See also State v. Melton*, 11th Dist. No. 2009-L-078, 2010-Ohio-1278, ¶ 60-72 (Trial court accepted stipulation for prior conviction for having weapons while under disability charge and gave limiting instruction about purpose of stipulation. Appellate court affirmed that action was in compliance with *Old Chief*). In *Hatfield,* the defendant was convicted of vehicular homicide and aggravated vehicular homicide. The defense admitted by stipulation that Hatfield was driving with a suspended license at the time of the offense. Evidence of Hatfield's suspensions were not relevant to prove the elements of the offenses, however, it was necessary and relevant to increase the severity of the aggravated vehicular homicide charge from a felony three to a felony two. *Hatfield* at ¶ 139. The trial court, however, rejected the stipulation and allowed evidence of his seven license suspensions to go to the jury. The appellate court found that the trial court erred:

The admission of appellant's history of convictions for driving under suspension serves as a textbook instance of the problem *Old Chief* was designed to prohibit. * * * Put another way, the history was admitted to illustrate appellant had a propensity to behave in defiance of the law which, in the court's view, would allow for an inference of "heedless indifference" or recklessness. Admitting the record for the purpose articulated by the trial court allowed the jury to generalize appellant's earlier bad acts into evidence of appellant's bad character which raised the likelihood that the jury will convict appellant for crimes other than those charged or, perhaps even worse, convict because appellant is a "bad person" deserving punishment. *Id.* at 181.

*Id.* at ¶ 146.

{¶23} Given the differing views of the Appellate Districts[2] as to the application of *Old Chief*, the Ohio Supreme Court, at one point, accepted the following certified question:

Does the holding of *Old Chief v. United States* (1997), 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574, granting a right to a Defendant to stipulate to prior criminal convictions apply to state law prosecutions, or is it limited solely to the prosecutions under federal law?

*State v. Baker*, 123 Ohio St.3d 1516, 2009-Ohio-6486, 918 N.E.2d 161 (appeal of the Ninth Appellate District's *Baker* decision, 2008-Ohio-1909 (weapons case) was

---

[2]The highest courts of the states also have differing views on whether the reasoning of *Old Chief* should be adopted to require the government to accept a stipulation as to defendant's status when the status is an element of the offense (especially in having weapons while under disability cases). Some states have adopted the *Old Chief* exception. *Anderson v. Commonwealth*, 281 S.W.3d 761 (Ky.2009) (weapons); *Williams v. State*, 991 So.2d 593 (Miss.2008) (weapons); *State v. Murray*, 116 Hawaii 3, 169 P.3d 955 (2007) (domestic violence); *Hardister v. State*, 849 N.E.2d 563 (Ind.2006) (weapons); *Ferguson v. State*, 362 Ark. 547, 210 S.W.3d 53 (2005) (weapons); *Ross v. State*, 279 Ga. 365, 614 S.E.2d 41 (2005) (weapons); *People v. Walker*, 211 Ill.2d 317, 812 N.E.2d 339 (2004) (weapon); *State v. James*, 81 S.W.3d 751 (Tenn.2002) (escape); *State v. Dews*, 209 W.Va. 500, 549 S.E.2d 694 (2001) (DUI); *State v. Lee*, 266 Kan. 804, 977 P.2d 263 (1999) (weapons); *Brown v. State*, 719 So.2d 882 (Fla.1998) (weapons). Other states have not and have distinguished *Old Chief* in a manner similar to that of the Ohio Appellate Sixth District and other districts of this state. *State v. Bell*, 303 Conn. 246, 33 A.3d 167 (2011); *State v. Ball*, 756 So.2d 275, (La.1999).

certified as a conflict with the Eleventh Appellate District's *Hatfield* decision 2007-Ohio-7130 (DUI case)).

**{¶24}** That appeal, however, was later dismissed as improvidently certified. *State v. Baker*, 126 Ohio St.3d 1215, 2010-Ohio-3235, 931 N.E.2d 122, ¶ 1. Three of the justices dissented to that dismissal. *Id.* at ¶ 2-6 (Lundberg Stratton, J., Brown, J., and Pfeifer, J.). Those three justices asserted that the case should not have been dismissed and further stated that they would have adopted the holdings of *Old Chief* and applied "the reasoning of *Old Chief* to the Ohio statute." *Id.* at ¶ 6 (dissent).

**{¶25}** The issue of whether the *Old Chief* reasoning applies to R.C. 2923.13 is an issue of first impression in our district. After considering the language of *Old Chief*, the language of Ohio's statute regarding having weapons while under disability, and the opposing views of our sister districts, we hold that the trial court, in this situation, abused its discretion when it failed to accept the stipulation. In reaching this conclusion, we acknowledge that there are differences between the federal and state statutes addressing the possession of weapons while under disability. Those distinctions, however, do not lead us to the conclusion that the *Old Chief* reasoning should not be applied, given the facts at issue, when the stipulation proposed was in regards to defendant's legal status as disabled under R.C. 2923.13. Evidence of the name or nature of a prior offense typically carries the risk of unfair prejudice. *Old Chief,* 519 U.S. at 185.

**{¶26}** Here, it is undisputed that Creech is disabled for purposes of R.C. 2923.13 for three reasons – he was previously convicted of felony possession of crack cocaine and felonious assault with a firearm, and at the time of the current incident he was under indictment for felony trafficking of cocaine within 1,000 feet of a school. An officer testified as to these three disabilities. Tr. 123-125. The judgment of conviction and sentence for felony possession of crack cocaine and felonious assault and the indictment for felony trafficking of cocaine within 1,000 feet of a school were admitted into evidence. State's exhibit 5 and 6; Tr. 137. A limiting instruction was given in this case that advised the jurors the other acts and prior convictions is only raised for the limited purpose of showing Creech was disabled and that the jury could not consider

that evidence to prove Creech's character or that he acted in conformity with that character. Tr. 249-250. However, that did not equalize the risk of unfair prejudice that evidence of the name or nature of the prior offenses typically causes. This case presents a prime example where "the official record offered by the government would be arresting enough to lure a juror into a sequence of bad character reasoning." *Old Chief*, 519 U.S. a 185.

{¶27} In proving the admitted legal status his disability, the state introduced three instances of bad conduct by Creech – felonious assault with a firearm, possession of crack cocaine and trafficking cocaine near a school. While that evidence should have been used only to prove he was disabled, the fear is that cumulative evidence of wrongdoing imprinted on the jurors' minds and lured the jury into concluding that since Creech committed previous crimes and is currently under indictment for another crime, he must have committed this crime. Thus, the prejudicial effect of admitting the governmental record to show the legal status of his disability is clear.

{¶28} The state, however, asserts that the prejudicial effect of the government records did not outweigh the probative value. At oral argument it explained that the term "disability" as used in the weapons while under disability statute is foreign to the average juror. It contended that it helped the jury understand what a disability was by presenting the disabilities to the jury. While it may be true that the average layman does not know what disability means in this context, we disagree with the state's proposition that accepting a stipulation to a disability would make it more difficult for the court to explain the concept and/or for the jury to understand it. If a stipulation is accepted, a simple definition of disability could be provided, the jury would be instructed that the element of disability in the having weapons while under disability is met and that it must decide whether the remaining elements are met, which are did the defendant knowingly acquire, have, carry or use any firearm or dangerous ordnance and was the firearm or dangerous ordnance operable.

{¶29} Therefore, although the prosecution has great latitude in general to prove its case, in cases involving a stipulation as to legal status the prosecution must

establish sufficient reason for the court to reject the proposed stipulation. In this case, the state did not establish sufficient justification for denying the proposed stipulation. Consequently, since there is "no cognizable difference between the evidentiary significance of the admission and the official record's legitimately probative component" and since the record's prejudicial effect outweighed its probative value, the trial court abused its discretion by failing to accept the stipulation. *Old Chief* at 191.

**{¶30}** This, however, does not mean that the matter must necessarily be remanded for a new trial; if the error is deemed to be harmless the result of the trial may stand. See *Old Chief* at 192 (remanding for a harmless error review). Pursuant to the harmless error doctrine, "Any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Crim.R. 52(B).

**{¶31}** In order to find a person guilty of R.C. 2923.13(A)(2) or (3) the state must prove that Creech was not permitted to have a firearm, that he had a firearm, and that it was operable or readily capable of being rendered operable. *State v. Mays*, 6th Dist. No. L-12-1173, 2013-Ohio-3553, ¶ 16 (definition of "firearm," as used in R.C. 2923.13 requires the firearm to be operable or readily capable of being rendered operable); *State v. Stodgel*, 12th Dist. No. CA2012-04-010, 2013-Ohio-1109, ¶ 40 (same); *State v. Jones*, 4th Dist. No. 09CA1, 2010-Ohio-865, ¶ 14 (same); *State v. Whiteside*, 10th Dist. No. 07AP-951, 2008-Ohio-3951, ¶ 13 (same); *State v. Richardson*, 3d Dist. No. 13-06-21, 2007-Ohio-115, ¶ 38; *State v. Hicks*, 2d Dist. No. 2186, 1987 WL 7872 (Mar. 16, 1987) (same).

**{¶32}** Creech acknowledges that he is under disability and is not permitted to possess a firearm. Thus, the only elements at issue are whether he had a gun and if it was operable.

**{¶33}** At trial, two eye witnesses testified. The first, Stephanie Luke, testified that Creech had a gun, but that she did not see him fire it. She stated that Creech and J walked up the street toward the area where Johnson was shooting. Tr. 151. The second eye witness was Owens. He testified that Creech did not have a gun and that

Creech was not walking with J up the street, but instead got back into the car with Hampton and left the scene. Tr. 195, 197.

{¶34} The state asserted at trial that Luke's testimony shows that Creech was walking up the street towards the place Johnson was firing his gun. Creech's gun was visible to Luke. Thus, it can be concluded that his gun was drawn during this act. R.C. 2923.11(B)(2) permits the trier of fact to rely on circumstantial evidence to determine if a firearm is operable. The state claimed that it could be inferred that Creech's gun was operable because what person would walk to an area where shots had just been fired with an inoperable gun. Thus, there is some evidence to support the conviction.

{¶35} However, given that there is conflicting evidence as to whether Creech had a gun and given the prejudicial effect of the admission of his prior bad acts to prove the element of disability, we cannot conclude that the error in this case is harmless error.

{¶36} Consequently, for those reasons, this assignment of error has merit.

<u>Second Assignment of Error</u>

{¶37} "The trial court erred by failing to provide a specific curative instruction after the jury was led past Stedmund Creech while he was in handcuffs and shackles."

{¶38} Although our resolution of the first assignment of error renders this assignment of error meritless, in the interests of justice, it is still addressed.

{¶39} Prior to trial, Creech was led through the hallway of the courthouse handcuffed and shackled. It is claimed that potential jurors were sitting in the hallway and saw him. Thus, prior to trial, Creech orally requested a corrective instruction with particular regard to the presumption of innocence. Tr. 6.

{¶40} The state contended that there is always an instruction on the presumption of innocence starting at the "beginning of the trial and all the way through the end." Tr. 7-8. It was the state's position that no other instruction was needed.

{¶41} The trial court denied the request. Tr. 8-9. It stated that the "instruction of presumption of innocence and things of that nature will adequately cover that." Tr. 9.

{¶42} A criminal defendant's right to be free from shackles in the presence of the jury is squarely grounded in the Fourteenth and Fifth Amendments to the United States Constitution. *Deck v. Missouri*, 544 U.S. 622, 125 S.Ct. 2007 (2005). The law is clear that no one should be tried while shackled, absent unusual circumstances. *Illinois v. Allen* (1970), 397 U.S. 337, 344, 90 S.Ct. 1057. Imposing the indicia of guilt upon a defendant is an "inherently prejudicial" practice that "should be permitted only where justified by an essential state interest specific to each trial." *Ruimveld v. Birkett*, 404 F.3d 1006, 1013 (6th Cir.2005), citing *Holbrook v. Flynn*, 475 U.S. 560, 568-569, 106 S.Ct. 1340 (1986).

{¶43} Creech, however, was not shackled and handcuffed during trial. Rather, the potential jury saw him for a brief period of time in the hallway outside the courtroom. "The inadvertent sighting by jurors of a handcuffed accused outside of the courtroom does not create a per se mistrial." *State v. Linkous*, 5th Dist. No. 08CA51, 2009-Ohio-1896, ¶ 67. The accused must present evidence that the jury was tainted by the sighting. *Id.*; *State v. Payton* (Aug. 8, 1994), 12th Dist. No. 93-12-028, 1994 WL 409621 (Aug. 8, 1994). Thus, in order to prevail on this issue, Creech must demonstrate prejudice. *State v. McKnight*, 107 Ohio St.3d 101, 2005-Ohio-6046, 837 N.E.2d 315, ¶ 219.

{¶44} In this instance, the potential jurors' view of Creech in handcuffs and shackles, was brief, inadvertent and outside the courtroom. Consequently, the danger of prejudice is slight. *State v. Kidder*, 32 Ohio St.3d 279, 285-286, 513 N.E.2d 311 (1987) ("The danger of prejudice to defendants is slight where a juror's view of defendants in custody is brief, inadvertent and outside the courtroom."); *McKnight* at ¶ 220 (appellant was not deprived of a fair trial when jury was given curative instruction and only observed appellant in handcuffs on one occasion); *State v. Tate*, 9th Dist. No. 21943, 2005-Ohio-2156, ¶ 9, citing *Kennedy v. Cardwell*, 487 F.2d 101, 109 (6 Cir.1973) (where the defendant is seen in shackles for a short period of time in the courtroom, the degree of prejudice to the defendant in this situation is certainly much less than in the situation where the accused sits throughout his trial before the jury in

shackles). This is especially the case here where the viewing occurred during transportation:

> There is no merit to the contention that the court should have granted a mistrial because some of the jurors saw the defendants in handcuffs as they passed through the hall. * * * It is normal and regular as well as a highly desirable and necessary practice to handcuff prisoners when they are being taken from one place to another, and the jury is aware of this. This is necessary to prevent an escape and possible injury to others in an escape attempt. No prejudice was shown and the court did not err in refusing to grant a mistrial.

*State v. Morris*, 4th Dist. No. 1097, 1982 WL 3380 (Feb. 18, 1982) (prejudicial error could have been discovered and corrected during the voir dire of the jury panel, but appellant made no attempt to discover whether members of the jury panel noticed him in custody in the hallway outside the courtroom), quoting *U.S. v. Leach* (8th Cir. 1970) 429 F. 2d 956 (8th Cir.1970).

{¶45} Furthermore, the allegation is that **potential** jurors saw him in handcuffs. It is not clear that any actual juror saw him in handcuffs and shackles.

{¶46} Moreover, the trial court did give presumption of innocence instructions twice. The first one was given during voir dire:

> Okay. Now, as I said, this is a criminal case. The burden of proof will be upon the State of Ohio to prove each element of the offense beyond a reasonable doubt. Later on I will give you some instructions as to how you are to assess that, but you need to be aware that at this time the defendant is presumed innocent, and he is continued with that presumption of innocence until there has been evidence introduced which would convince you beyond a reasonable doubt that he would be guilty.

Tr. 24-25.

{¶47} The second presumption of innocence instruction was given at the end of the trial as part of the instructions on the law:

As to burden of proof: The defendant is presumed innocent until his guilt is established beyond a reasonable doubt. The defendant must be acquitted unless the State produced evidence which convinces you beyond a reasonable doubt of every essential element of the offense charged in the indictment.

Tr. 239.

{¶48} Jurors are presumed to follow the trial court's instructions. *Pang v. Minch*, 53 Ohio St.3d 186, 559 N.E.2d 1313 (1990), paragraph four of the syllabus.

{¶49} Consequently, considering all the above, the trial court did not err in failing to give a specific curative instruction about the shackles and handcuffs (which the jurors might not have seen). There is no basis for granting a new trial under this assignment of error. This assignment of error lacks merit.

<u>Conclusion</u>

{¶50} In conclusion, the second assignment of error lack merits. However, the first assignment of error has merit. The trial court abused its discretion when it failed to accept the stipulation. This error was not harmless. Thus, the conviction and sentence are hereby reversed and the matter is remanded for a new trial. Upon remand the court is instructed to accept the stipulation to all three disabilities.

Donofrio, J., concurs.
Waite, J., concurs.