[Cite as *State v. Overton*, 2017-Ohio-8389.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | | |
|---|---|---|---|
| STATE OF OHIO | : | JUDGES: | |
| | : | Hon. W. Scott Gwin, P.J. | |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. | |
| | : | Hon. Earle E. Wise, Jr., J. | |
| -vs- | : | | |
| | : | | |
| JONAS L. OVERTON | : | Case No. 2016CA00224 | |
| | : | | |
| Defendant-Appellant | : | O P I N I O N | |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. 2016CR0894


JUDGMENT:                        Vacated and Remanded


DATE OF JUDGMENT:                October 30, 2017


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JOHN D. FERRERO                       BRADLEY R. IAMS
Prosecuting Attorney                  SAMUEL J. FERRUCCIO, JR.
By: KATHLEEN O. TATARSKY              JEFFRY V. SERRA
Assistant Prosecuting Attorney        301 Cleveland Avenue NW
110 Central Plaza South, Suite 510    Canton, OH  44702
Canton, OH  44702-1413

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant, Jonas L. Overton, appeals his December 6, 2016 convictions and sentence in the Court of Common Pleas of Stark County, Ohio. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellant was under surveillance by the FBI Safe Streets Task Force which focuses on narcotics investigations. For several weeks, appellant was observed coming and going from an apartment in Canton, Ohio. On May 9, 2016, Jackson Township police officers and the FBI task force executed a search warrant on the apartment. No one was inside the apartment at the time. During the search, police discovered drugs, a loaded firearm, a magazine for the firearm, and a receipt with appellant's name on it. Later, appellant was stopped and a key to the apartment was found in appellant's possession.

{¶ 3} On May 17, 2016, the Stark County Grand Jury indicted appellant on two counts of possession of drugs (cocaine and heroin) in violation of R.C. 2925.11 and one count of having weapons under disability in violation of R.C. 2923.13. The weapons charge stemmed from a 2005 conviction for trafficking in cocaine.

{¶ 4} During a pretrial held on October 20, 2016, defense counsel made an oral motion to stipulate to appellant's 2005 conviction and exclude the presentation of any evidence on the prior conviction. The trial court denied the stipulation and motion, finding because the prior conviction was an element of the weapons offense, the state would be permitted to prove the element. The trial court agreed to give the jury a limiting instruction on the use of the prior conviction.

{¶ 5} On October 24, 2016, appellant filed a formal offer to stipulate to being under disability and a motion in limine to exclude evidence of the prior conviction for purposes of the weapons charge.

{¶ 6} A jury trial commenced on October 31, 2016. Prior to selecting the jury, the trial court again denied the stipulation and motion and reiterated its decision to permit the state to present evidence of appellant's prior conviction. During trial, the state admitted into evidence a copy of appellant's 2005 conviction, along with a copy of the four-count, seven-page indictment which included several offenses appellant was never convicted of. The jury found appellant guilty as charged. By judgment entry filed December 6, 2016, the trial court sentenced appellant to an aggregate term of six years in prison.

{¶ 7} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 8} "THE TRIAL COURT ERRED IN REFUSING TO ACCEPT MR. OVERTON'S OFFER TO STIPULATE TO BEING UNDER DISABILITY AND INSTEAD ADMITTING EVIDENCE OF HIS PREVIOUS CONVICTION AND INDICTMENT, THE PROBATIVE VALUE OF WHICH WAS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE."

II

{¶ 9} "MR. OVERTON WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IF HIS OBJECTION TO HIS 1995 (SIC) CONVICTION AND INDICTMENT WAS NOT PROPERLY MADE."

III

{¶ 10} "THE JURY'S VERDICT WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE BECAUSE THERE WAS INSUFFICIENT EVIDENCE OF CONSTRUCTIVE POSSESSION OF THE DRUGS OR GUN."

I

{¶ 11} In his first assignment of error, appellant claims the trial court erred in denying his offer to stipulate to being under disability and instead admitted evidence of his prior conviction and indictment.  We agree.

{¶ 12} Appellant was convicted of having weapons under disability in violation of R.C. 2923.13(A)(3) which states the following:


(A) Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

(3) The person is under indictment for or has been convicted of any felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse.


{¶ 13} On October 24, 2016, appellant filed an offer to stipulate "that on May 9, 2016, defendant was a person 'under disability' for purposes of Ohio Revised Code §

2923.13." On same date, appellant filed a motion in limine to exclude evidence of his 2005 conviction for trafficking in cocaine. On the morning of trial, the trial court denied the stipulation and motion as follows (T. at 9):

As I had indicated previously, it's the Court's position that the State is not required to be prevented, necessarily, from admitting the prior conviction in the form of a judgment entry. I understand that it's the Defense's position that you have agreed to stipulate to the prior conviction, but it is - - it remains the Court's position that that decision, as it is an element of the offense, that the State is permitted to prove that element.

{¶ 14} The trial court stated it would provide to the jury a limiting instruction on the use of the prior conviction. T. at 10, 13.

{¶ 15} At the conclusion of the evidence, the following exchange occurred between counsel and the trial court (T. at 375-376):

MS. STARRETT [PROSECUTOR]: Okay. State's Exhibit 1 will be -

THE COURT: I have not seen 1, so I just need to see 1. That's the only one - -

MS. STARRETT: That would be the prior conviction that defense has stipulated to the authenticity of.

THE COURT: Have you all seen the copy that is being submitted?

MR. COCOVES [DEFENSE COUNSEL]: Yes.

THE COURT: And no objection?

MR. COCOVES: No.

THE COURT: Okay.

* * *

THE COURT: All right. Let me hold on. 1 will be admitted.

{¶ 16} State's Exhibit 1 not only included the judgment entry of appellant's 2005 prior conviction, but also the four-count seven-page indictment "which included several charges for which he was never convicted – including the destruction of evidence, corrupt activity, and having a gun." Appellant's Brief at 10.

{¶ 17} We note the admission or exclusion of evidence lies in the trial court's sound discretion. *State v. Morris,* 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528; *State v. Sage,* 31 Ohio St.3d 173, 510 N.E.2d 343 (1987). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 18} Evid.R. 403(A) states: "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."

{¶ 19} Appellant argues the admission of the judgment entry of his prior conviction and the four-count seven-page indictment constitutes unfair prejudice. In support of his arguments, appellant cites the recent Supreme Court of Ohio's decision in

*State v. Creech,* ___ Ohio St.3d ___, 2016-Ohio-8440, ___ N.E.3d ___.  The *Creech*
court at ¶ 36 explained "undue prejudice" as follows:

> " 'Unfair prejudice is that quality of evidence which might result in
> an improper basis for a jury decision.  Consequently, if the evidence
> arouses the jury's emotional sympathies, evokes a sense of horror, or
> appeals to an instinct to punish, the evidence may be unfairly prejudicial.' "
> *Oberlin v. Akron Gen. Med. Ctr.,* 91 Ohio St.3d 169, 172, 743 N.E.2d 890
> (2001), quoting Weissenberger, *Ohio Evidence,* Section 403.3, at 85–87
> (2000).

{¶ 20} The *Creech* decision was filed on December 29, 2016.  We note the trial
court did not have the benefit of the decision for the October 31, 2016 trial, although it
was aware of the appellate decision out of the Seventh District.  However, because "[a]
new judicial ruling may be applied only to cases that are pending on the announcement
date" and appellant's appeal was pending on December 29, 2016, we find the *Creech*
decision to be applicable to this case.  *State v. Evans,* 32 Ohio St.2d 185, 186, 291
N.E.2d 466 (1972).

{¶ 21} In *Creech,* the defendant was charged with three weapons charges for
three different disabilities.  The defendant offered to stipulate to any one of the three
disabilities since only one weapon and one event was involved.  The trial court denied
the offer of stipulation, finding the state was not required to elect a disability or even
accept a stipulation.  Evidence of all three disabilities was presented to the jury via

testimony and exhibits, and was mentioned during opening statement and closing argument. The trial court gave the jury a limiting instruction. The jury found appellant guilty of all three weapons counts and appellant appealed. On appeal, our brethren from the Seventh District in *State v. Creech,* 7th Dist. Jefferson No. 13 JE 41, 2014-Ohio-4004, 18 N.E.3d 523, reversed the convictions, adopting the reasoning used by the United States Supreme Court in *Old Chief v. United States,* 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1977). The Supreme Court of Ohio affirmed the decision, also relying heavily on *Old Chief.*

{¶ 22} *Old Chief* involved nearly identical issues as in *Creech* and the case sub judice. In *Old Chief,* the defendant was charged with various charges involving a firearm, including assault with a dangerous weapon, as well as a violation of 18 U.S.C. 922(g)(1) (the federal version of Ohio's R.C. 2923.13) which prohibits possession of a firearm by anyone "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." The defendant offered to stipulate to the fact that he previously had been convicted of a crime punishable by imprisonment exceeding one year. He argued by so stipulating, evidence of the name and nature of the offense would be inadmissible under Fed.R.Evid. 403 because the probative value of that evidence would be substantially outweighed by the danger of unfair prejudice. The trial court disagreed and permitted the government to present evidence of the defendant's prior conviction. The jury was made aware that the defendant had been convicted of a prior assault resulting in serious bodily injury to the victim, and found the defendant guilty as charged.

{¶ 23} After discussing unfair prejudice, propensity evidence, balancing the evidence, and the government's right to present its case, the United States Supreme Court held the following at 191:

Given these peculiarities of the element of felony-convict status and of admissions and the like when used to prove it, there is no cognizable difference between the evidentiary significance of an admission and of the legitimately probative component of the official record the prosecution would prefer to place in evidence. For purposes of the Rule 403 weighing of the probative against the prejudicial, the functions of the competing evidence are distinguishable only by the risk inherent in the one and wholly absent from the other. In this case, as in any other in which the prior conviction is for an offense likely to support conviction on some improper ground, the only reasonable conclusion was that the risk of unfair prejudice did substantially outweigh the discounted probative value of the record of conviction, and it was an abuse of discretion to admit the record when an admission was available.

{¶ 24} The *Creech* court painstakingly combed through the *Old Chief* decision, adopted its reasoning in Ohio, and concluded the following at ¶ 40:

Pursuant to Evid.R. 403, in a case alleging a violation of R.C. 2923.13, when the name or nature of a prior conviction or indictment

raises the risk of a jury verdict influenced by improper considerations, a trial court abuses its discretion when it refuses a defendant's offer to stipulate to the fact of the prior conviction or indictment and instead admits into evidence the full record of the prior judgment or indictment when the sole purpose of the evidence is to prove the element of the defendant's prior conviction or indictment.

{¶ 25} The *Creech* court at ¶ 39 also determined the limiting instruction "was insufficient to overcome the admission of inadmissible evidence of Creech's prior convictions and indictment. '[I]f there would be danger of unfair prejudice, evidence ordinarily admissible for a limited purpose should not be admitted even with a limiting instruction.' 1980 Staff Notes, Evid.R. 105."

{¶ 26} In the case sub judice, the sole purpose of admitting the evidence (State's Exhibit 1) was to prove the element of appellant's prior conviction and indictment, as the prosecutor agreed not to bring up appellant's prior conviction during the trial other than stipulating to the authenticity of the exhibit. T. at 10-11. In this case wherein appellant was charged with the weapons count and two counts of possession of drugs, the jury was presented with a judgment entry showing appellant's 2005 conviction for two counts of trafficking in cocaine and a four-count seven-page indictment containing specific allegations of drug offenses, corrupt activity, and having a firearm, not all of which appellant was convicted of. Not only was the jury informed of the fact that appellant had a prior conviction for trafficking in drugs, the jury was informed he was convicted of two counts and the drug involved was cocaine.

{¶ 27} In *Creech,* the defendant was not charged with any drug offenses, however two of the three weapons offenses included disabilities involving drugs. The *Creech* court reasoned the following at ¶ 37:

Likewise, setting out Creech's felony drug offenses with specificity—that he had been convicted of possessing crack cocaine and had been charged with two counts of trafficking in cocaine (including one count of trafficking near a school)—also was potentially prejudicial, in that it put before the jury the name and nature of the drug offenses *rather than the generalized description of the disability as set forth in the statute.* Especially damaging is the indictment submitted to the jury, which alleges that Creech trafficked cocaine and that he had engaged in that felonious activity in the recent past—on one occasion, near a school. (Emphasis added.)

{¶ 28} As in *Creech,* the indictment submitted to the jury in this case was especially damaging. Given the analysis and holding of *Creech,* we find "the name or nature of a prior conviction or indictment raises the risk of a jury verdict influenced by improper considerations" in this case, and therefore find the trial court abused its discretion in denying appellant's offer to stipulate to being under disability and instead admitted evidence of his prior conviction and multi-page indictment.[1]

---

[1]Appellee argues because defense counsel did not specifically object to the admission of the judgment entry and indictment of his 2005 conviction and in fact stipulated to their authenticity, appellant must show plain error under Crim.R. 52(B). Even under a plain

{¶ 29} In adopting the reasoning of *Old Chief,* the *Creech* court acknowledged "the differences between R.C. 2923.13(A) and 18 U.S.C. 922(g)(1) in applying the holding to the Ohio statute." *Creech* at ¶ 35. The *Creech* court went on to reason the following:

What mattered for purposes of the federal statute is that the defendant had been sentenced to a crime punishable with a sentence of more than a year in prison. The General Assembly in R.C. 2923.13 made some distinctions in determining the classes of crimes that should bar a convict from possessing a gun, but the classes are still broad. What matters to the General Assembly—and an element that the state must prove—is that the crime the defendant was convicted of was either a "felony offense of violence" or a "felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse." R.C. 2923.13(A)(2) and (3). In regard to R.C. 2923.13, a stipulation or admission concerning the status element would necessarily include the fact that the defendant was under indictment or had previously been convicted of a crime falling within those broad categories.

{¶ 30} Upon remand, the trial court should accept appellant's stipulation to be under the generalized description of the disability under R.C. 2923.13(A)(3), that he

---

error analysis, we find unfair prejudice to appellant constituting "a manifest miscarriage of justice." *State v. Long,* 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

"has been convicted of any felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse" if he chooses to so stipulate. The mere words "under disability" is not sufficient without the added generalized description of the disability of R.C. 2923.13(A)(3) as set forth in *Creech.*

{¶ 31} Assignment of Error I is granted. Assignments of Error II and III are moot.

{¶ 32} The convictions and sentence of the Court of Common Pleas of Stark County, Ohio is hereby vacated, and the matter is remanded to said court for further proceedings consistent with this opinion.

By Wise, Earle, J.

Gwin, P.J. and

Baldwin, J. concur.

EEW/sg 925